UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMED AJAMI,

               Plaintiff,                            Case No. 08-12088

v.                                            Paul D. Borman
                                            United States District Judge

DANIEL SAAB, SUZAN ISMAIL
BAYDOUN, and HASSAN HARAJLI,

               Defendants.

_____/

### ORDER (1) GRANTING MOTION TO LIFT TO STAY (DKT. NO. 88); (2) SETTING AN AUGUST 18, 2012 HEARING DATE ON PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT (DKT. NO. 89); AND (3) ORDERING BRIEFING TO BE SUBMITTED TO THE COURT ON OR BEFORE JUNE 25, 2012

On January 26, 2012, Plaintiff filed a Motion to Lift Stay (Dkt. No. 88) and a Renewed Motion for Entry of Default Judgment (Dkt. No. 89). The Court GRANTS the Motion to Lift Stay and sets August 15, 2012 at 2:00 p.m. for a hearing on the Renewed Motion for Entry of Default Judgment. The Court further Orders Plaintiff to submit briefing in advance of the hearing, on or before June 25, 2012, to address the issues outlined below.

On March 28, 2011, Plaintiff filed a response to this Court's Order to Show Cause in which Plaintiff stated an intention to file a motion for entry of default judgment as to Defendants Baydoun and Harajli, who failed to answer or otherwise respond to the complaint and as to whom a Clerk's Entry of Default was entered on February 6, 2009 (Dkt. Nos. 30, 31.) Recognizing that judgments of default can only be entered as to the well-pleaded allegations of a complaint, *see Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (6th Cir. 2006), Plaintiff stated in response to the Court's Order

1

to Show Cause as follows:

> Counsel for Plaintiff did not file the original complaint. Counsel for Plaintiff believes that certain allegations contained in the complaint are not "well pleaded" and that a hearing on the damages as well as which counts they apply, would be in the interests of all parties.

Dkt. No. 79, Resp. to Show Cause 4. "Even after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Wright & Miller, Federal Practice and Procedure, § 2688.

Plaintiff has now resolved his claim against Defendant Saab and the Court has entered a Stipulated Order of Dismissal as to Defendant Saab, in which Plaintiff dismissed all claims against Officer Saab with prejudice. (Dkt. No. 91.) "A dismissal with prejudice [by stipulation of the parties] operates as a rejection of the plaintiff's claims on the merits and the doctrine of claim preclusion bars further litigation." *Taylor v. United States*, 21 F. App'x 264, 265 (6th Cir. 2001). *See also Warfield v. AlliedSignal TBS Holdings,* Inc., 267 F.3d 538, 542 (6th Cir. 2001) (recognizing that a voluntary dismissal with prejudice is a "complete adjudication on the merits of the dismissed claim"); *United States v. One Tract of Real Property*, 95 F.3d 422, 426 (6th Cir. 1996) ("[U]nlike a dismissal without prejudice, a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation.").

Accordingly, as a result of the voluntary dismissal with prejudice, Saab has been adjudicated not liable of the charges asserted against him in Plaintiff's Complaint:

> Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to further action between the parties. An adjudication in favor of the defendants, by a court or jury, can rise no higher than this.

*Harrison v. Edison Brothers Apparel Stores, Inc.*, 924 F.2d 530, 534 (4th Cir. 1991) (finding that

a dismissal with prejudice of an employee/agent was fatal to plaintiff's vicarious liability claim against the employer/principal). In the instant Complaint, Defendants Baydoun and Harajli are alleged to have influenced Defendant Officer Saab to institute false charges against Plaintiff. The three are alleged to have conspired together to violate Plaintiff's constitutional rights. (Compl. ¶ 69.) The claims against Saab, however, have been adjudicated in Saab's favor by virtue of the dismissal with prejudice. "An adjudication in [his] favor by a court or a jury" could be no more definitive. *Harrison*, 924 F.2d at 534.

The question that the Court directs the parties to address is whether, and if at all on what Counts of the Complaint, this Court could now enter judgment against defaulting Defendants Baydoun and Harajli. Under the rule of *Frow*,[1] "[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474, at *3 (6th Cir. 1988) (table case). In explaining the basis for the *Frow* rule, the Sixth Circuit in *Kimberly* observed:

> The above rule of law has its origin in the seminal case of *Frow v. De La Vega*, 82 U.S. (1872). In discussing the problem with entering one default judgment in a case with more than one defendant, the Court stated:
>
>> If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an

---

[1] *Frow v. De La Vega*, 82 U.S. (1872)

3

> incongruity, it seems, did actually occur in this case. Such a state of
> things is unseemly and absurd, as well as unauthorized by law.

*Id.*, 82 U.S. at 554. The *Frow* rule is a narrow one, however, and applies in general when the liability of the defendants is joint.

*Kimberly*, 857 F.2d at *3.

Given the ultimate finding, by virtue of the voluntary dismissal, that Saab did not conspire to violate Plaintiff's constitutional rights, then Defendants Baydoun and Harajli, notwithstanding their default, likewise may not be liable on that charge. *See Revis v. Meldrum*, 489 F.3d 273, 292 (6th Cir. 2007) (holding that a private party defendant accused of conspiring with a public official cannot be held liable on that charge if the public official is found not to have acted according to a plan to deprive an individual of constitutionally protected rights); *Martin v. Coughlin*, 895 F. Supp. 39, 43 (N.D.N.Y. 1995) (refusing to enter a default judgment against a private plaintiff in a § 1983 action who was alleged to have conspired with a prison official to deprive plaintiff of constitutionally protected rights, holding that "[s]ince the defendants are jointly liable in the instant action, the *Frow* analysis governs").

Similarly, Plaintiff's remaining state law claims of false arrest, false prosecution, abuse of process and negligence, to the extent that they even state a viable legal claim against Harajli and Baydoun, may be subject to the *Frow* rule. "Although the rule developed in the *Frow* case applies when the liability is joint and several, it probably can be extended to situations in which several defendants have closely related defenses." 10A Wright & Miller, Fed. Prac. & Proc. § 2690. *See also Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001) (collecting authorities and concluding that "*Frow's* applicability turns not on labels such as "joint liability" or "joint and several liability," but rather on the key question of whether under the theory

4

of the complaint, liability of all the defendants must be uniform").

Haralji and Baydoun are alleged to have acted in concert with Saab to falsely accuse Plaintiff and bring about his arrest and prosecution. Accordingly, and in light of the above discussion, Plaintiff must file a brief, not to exceed twenty (20) pages, citing relevant legal authority, in support of his renewed motion for entry of default judgments against Defendants Baydoun and Harajli, given the voluntary dismissal of co-conspirator and sole state actor Saab with prejudice, and the resulting adjudication of the claims against him on the merits in his favor. Plaintiff must separately address each Count of the Complaint and must provide supporting evidence of damages for each Count that Plaintiff argues survives the with-prejudice dismissal of Saab. Plaintiff's brief must be filed on or before June 25, 2012.

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated: 5-15-12

5