UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMED AJAMI,

        Plaintiff,                             Case No. 08-12088

v.                                        Paul D. Borman
                                        United States District Judge

DANIEL SAAB, SUZAN ISMAIL
BAYDOUN, and HASSAN HARAJLI,

        Defendants.

_____/

OPINION AND ORDER
(1) DENYING PLAINTIFF'S RENEWED
MOTION FOR DEFAULT JUDGMENT (ECF NO. 89);
(2) GRANTING PLAINTIFF'S MOTION TO STRIKE (ECF NO. 100); and
(3) DISMISSING THE ACTION

This matter is before the Court on Plaintiff's Renewed Motion for Default Judgment (ECF No. 89) and Plaintiff's Motion to Strike (ECF No. 100.) For the reasons that follow, the Court DENIES the motion for default judgment and GRANTS Plaintiff's motion to strike the supplemental brief filed by attorney Cyril Hall.

**INTRODUCTION**

Plaintiff in this action seeks a default judgment against Defendants Baydoun and Harajli, husband and wife, who allegedly currently reside in the country of Lebanon. Plaintiff obtained clerk's entries of default against these properly-served Defendants on July 17, 2009. Defendants Harajli and Baydoun are alleged in the Complaint to have jointly participated with Saab, a Dearborn police officer, in a plan to carry out an allegedly false and malicious criminal prosecution against the

1

Plaintiff. Plaintiff has stipulated to the dismissal of Saab with prejudice. Plaintiff now seeks to

obtain a default judgment against the two remaining Defendants, Baydoun and Harajli. On July 18,

2012, attorney Cyril Hall, who has never filed an appearance in this case, filed a "supplemental

brief," purportedly on behalf of the defaulted Defendants who have never appeared or answered in

this case, opposing the motion for entry of default judgment. (ECF No. 97.) Plaintiff has filed a

motion to strike Hall's filing. (ECF No. 100.) For the reasons that follow, the Court DENIES the

motion for default judgment, and GRANTS Plaintiff's motion to strike but denies the request for

sanctions.

## I.      BACKGROUND

### A.      Procedural Background

This case was reassigned to this Court from Judge Feikens on November 24, 2011. The case

has been pending for several years. Plaintiff obtained Clerk's Entries of Default against Defendants

Hassan Harajli and Suzan Ismail Baydoun (husband and wife) on February 6, 2009. (ECF Nos. 30,

31.) Two other Defendants, Alphonso Walker and John Doe Conrad, were dismissed on Plaintiffs'

stipulation without prejudice on February 17, 2009. (ECF No. 35.) Defendant Cyril Hall was

voluntarily dismissed with prejudice on March 3, 2010. (ECF No. 59.) Defendants City of

Dearborn, City of Dearborn Police Department, Alan Leveille and Anne Kenitra were dismissed on

summary judgment on July 28, 2010. (ECF No. 74, Opinion and Order Adopting in Part and

Rejecting in Part Magistrate Judge Morgan's Report and Recommendation.) Defendant Daniel

Saab, then a Dearborn police officer, appealed the Court's denial of summary judgment as to him.

On March 28, 2011, Plaintiff moved the Court for a hearing on damages and entry of default

judgments against Baydoun and Harajli. (ECF No. 79.) In the motion for default judgment, Plaintiff

explained that the only remaining Defendants were Saab (whose qualified immunity appeal to the Sixth Circuit was heard in the Sixth Circuit on April 28, 2011) and Harajli and Baydoun, who according to Plaintiff now reside in the country of Lebanon. Plaintiff stated in the motion that Harajli and Baydoun were properly served at their home in New Boston, Michigan on July 17, 2008 (ECF Nos. 23, 24) and have failed to appear and defend in the action. Plaintiff requested that a hearing be held to determine which Counts of the Complaint are "well pleaded" as to Defendants Harajli and Baydoun and to determine Plaintiff's damages on those Counts.

On July 28, 2011, following a hearing on Plaintiff's motion, this Court denied the motion without prejudice pending the Sixth Circuit's resolution of Defendant Saab's appeal of this Court's denial of qualified immunity. (ECF No. 83.) Although the Court did not issue a written opinion, the Court reasoned that, under the rule announced in *Frow v. De La Vega*, 82 U.S. 552, 21 L.Ed. 60 (1872), the entry of default judgments against Baydoun and Harajli must await final disposition of the claims against co-defendant Saab. "The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him and proceed with the cause upon the answers of the other defendants." *See also Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474 (6th Cir. 1988) (table case) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the judge to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants.")

On August 19, 2011, the Sixth Circuit issued its opinion in *Ajami v. Saab*, 436 F. App'x 458 (6th Cir. 2011), concluding that it lacked jurisdiction to hear Defendant Saab's appeal of this Court's

denial of qualified immunity because the appeal did not present a question of law but rather challenged the weight and credibility of evidence that the district court had already found created a genuine issue of material fact on the question of qualified immunity. Specifically, the Sixth Circuit concluded: "We do not have jurisdiction to reassess the weight of a plaintiff's evidence where the district court has already construed the facts in its denial of qualified immunity." 436 F. App'x at 461.

Following issuance of the Sixth Circuit's decision, on October 14, 2011, pursuant to the parties' request, the Court entered a stipulated order staying this matter pending the parties' efforts at private facilitation. (ECF No. 87.) On January 31, 2012, the Court entered an Order, pursuant to stipulation of the parties, dismissing Defendant Saab with prejudice. (ECF No. 91.) Now before the Court is Plaintiff's renewed motion for entry of default judgment against Defendants Baydoun and Harajli. (ECF No. 89.)

### B.    Factual Background

Defendants Harajli and Baydoun (husband and wife) have a long and contentious history with the Plaintiff Ajami, who is married to Harajli's sister. Their relationship has spawned several civil and criminal litigation matters. Plaintiff and Harajli were business partners whose relationship deteriorated, resulting in Harajli filing a civil suit against Ajami for failure to repay a business loan. At some point during that lawsuit, Baydoun (Harajli's wife and a Defendant in this case) obtained a personal protection order against Ajami. Harajli was later criminally prosecuted in state court for hiring two men to beat Ajami with a baseball bat in front of Ajami's home. During the criminal case, Harajli initiated civil litigation in federal court alleging that Ajami conspired with the men who beat him, and with the Dearborn police who arrested Harajli for his participation in the planning of

4

the beating, to falsely accuse Harajli of hiring the men to assault Ajami. Harajli claimed that Ajami framed him with these false accusations in retaliation for the civil suit Harajli had filed over Ajami's failure to repay the business loan. The federal civil case ended when Harajli was convicted in the state court proceeding of arranging for Ajami's assault.

In the instant case, Ajami is suing Harajli, Baydoun, Saab and other now-dismissed members of the Dearborn police department for allegedly conspiring, in yet another incident, to falsely accuse Ajami of threatening a process server with a gun and for falsely arresting and prosecuting Ajami on charges as to which Ajami was ultimately found not guilty. Ajami states a clam under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights (Count I) and state law claims of malicious prosecution (Counts II and III), false arrest/imprisonment (Count IV) abuse of process (Count V), civil conspiracy (Count VI) and negligence/gross negligence (Count VII). Harajli and Baydoun, although properly served with the Complaint in this case, never responded and have never appeared to defend themselves. Clerk's defaults were entered against both Harajli and Baydoun on February 6, 2009. According to Plaintiff, Harajli and Baydoun now reside in the country of Lebanon.

In an Opinion and Order dated July 28, 2010, Judge Feikens dismissed the City of Dearborn, the Dearborn Police Department and all of the individual Dearborn police officers except for Defendant Saab. (ECF No. 74, July 28, 2010 Opinion and Order.) Judge Feikens found that Plaintiff presented "evidence that Officer Saab fabricated evidence in order to manufacture probable cause." (*Id.* 18.) Plaintiff presented evidence that Officer Saab instructed the process server (Walker) to falsely claim that Plaintiff had threatened him with a gun. Walker's allegedly fabricated testimony was relied upon in establishing probable cause for Plaintiff's arrest. While Saab contended that Walker's story was "unbelievable," Judge Feikens found that Saab was not entitled to summary

judgment in view of the factual dispute over the fabricated testimony. As discussed above, the Sixth Circuit dismissed Saab's appeal for lack of jurisdiction over the qualified immunity issue and Plaintiffs have now dismissed Saab with prejudice.

## II.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. In order for a Plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). *Hanner v. City of Dearborn Heights*, No. 07-15251, 2008 WL 2744860, at *1 (E.D. Mich. July 14, 2008) ("In order for a Plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a)."). "When a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true." *Ford Motor Co. v. Cross,* 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006). If, accepting as true all of Plaintiff's well-pleaded allegations, those allegations are sufficient to support a finding of liability, a judgment in Plaintiff's favor shall enter. While a default judgment establishes liability as to plaintiff's well pleaded allegations, where damages are unliquidated, the amount of damages must still be proven. *Antoine v. Atlas Turner*, 66 F.3d 105, 110 (6th Cir. 1995). "Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Id.* "Ordinarily, the District Court must hold 'an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages].'" *Id.* at 110-11 (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992), *cert. denied*, 506 U.S. 1080, 113 S. Ct. 1049, 122 L.Ed.2d 357 (1993)).

6

### III.   ANALYSIS

In the instant case, Plaintiff has requested and received Clerk's entries of default against Defendants Harajli and Baydoun and now renews his earlier-filed motion for entry of default judgments against both Defendants. In its initial motion for entry of default, Plaintiff recognized that not all of the Counts of the Complaint were well-pleaded against Defendants Baydoun and Harajli and requested a hearing to establish which Counts of the Complaint state a well-pleaded claim against the defaulting Defendants and to establish the appropriate damage award on those Counts that the Court determines would support an award against Defendants Harajli and Baydoun. (ECF No. 79, Mot. for Default Judg. (Improperly styled "Response to Show Cause"), p. 4.)

As discussed above, the Court denied Plaintiff's initial motion for entry of default judgment based on the principle derived from the Supreme Court's decision in *Frow, supra* that "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."   10 A Charles Alan Wright, Arthur Miller, Edward Cooper & Richard Freer, Federal Practice & Procedure § 2690 (3d ed. 2008).   Now that the matter has been finally resolved with the stipulated dismissal with prejudice of Defendant Saab, the question before the Court is the effect of that dismissal on the claims against the defaulting Defendants.

As an initial matter, the allegations of the Complaint are generally not well-pleaded as against Harajli and Baydoun. Counsel for Plaintiff clearly recognizes this, explaining in the initial motion for entry of default judgment as follows: "Counsel for Plaintiff did not file the original complaint. Counsel for Plaintiff believes that certain allegations contained in the complaint are not "well-pleaded" and that a hearing on the damages as well as which counts they apply [sic], would be in the

interest of all parties." (ECF No. 79, p. 4.) Harajli and Baydoun (husband and wife) are alleged, in a very amorphous way, to have influenced Saab - a Dearborn police officer - to frame the Plaintiff and have him falsely arrested. However, there are no factual allegations in the Complaint that relate specifically to Harajli and Baydoun's involvement in the actual conspiracy to create false evidence to prosecute Plaintiff.

The Complaint alleges that Plaintiff was involved in civil litigation against Harajli (Plaintiff's brother-in-law) arising from business dealings between Plaintiff and Harajli and that Harajli conspired with the "other Defendants" to have Plaintiff improperly incarcerated in retaliation for filing the civil action. (Compl. ¶¶ 18-19.) Plaintiff alleges that Baydoun improperly obtained a personal protection order against Plaintiff and then conspired with Harajli to fabricate a violation of the personal protection order with the aim of having Plaintiff falsely arrested. Plaintiff was ultimately cleared of the accusations following a police investigation. (Compl. ¶¶ 25-28.) Plaintiff also alleges that Harajli hired two men to beat Plaintiff with baseball bats and steal Plaintiff's gun, which they did, beating Plaintiff severely, resulting in a conviction against Harajli following a trial in state court for conspiracy to commit aggravated battery. (Compl. ¶¶ 29-31.) Prior to Harajli's conviction on the aggravated battery charge, Harajli and Baydoun filed suit against Plaintiff in federal court alleging that Plaintiff aided in a conspiracy to bring false charges against Harajli. The federal court case was dismissed with prejudice when Harajli was ultimately convicted in the underlying state criminal trial. (Compl. ¶¶ 32-34.)

While all of these allegations, accepted as true, paint the picture of a history of a contentious relationship between Harajli and Baydoun on the one hand and Plaintiff on the other, they are largely irrelevant to the claims made in the instant Complaint, which appear to relate specifically to a

8

separate incident that post-dated all of the above conduct.  Plaintiff claims that on September 2,

2006, a process server named Walker, who allegedly worked for Harajli's lawyer, appeared at

Plaintiff's home.  Plaintiff claims that he demanded that Walker leave his property and that he and

his wife called the police to report that Walker was trespassing on their property. (Compl. ¶¶ 40-45.)

The Complaint then alleges that "Walker used his cell phone to call one of the other Defendants,

currently believed to be Hall, Harajli or Saab.  At some point, whether by Walker or one of the other

Defendants, Saab was called and informed that he needed to come to the property." (Compl. ¶¶ 46-

47.)  The Complaint then alleges that Saab and several other officers questioned Plaintiff at the

scene, then fabricated a reason to arrest Plaintiff and did arrest Plaintiff.  (Compl. ¶¶ 48-56.) The

Complaint alleges that  Walker and all of the Defendant police officers prepared false and fabricated

police reports and warrant requests that resulted in Plaintiff being charged with felonious assault.

(Compl. ¶¶ 57-60.)  Following a trial on the assault charges in state district court in Dearborn,

Plaintiff was acquitted of all charges.  (Compl. ¶¶ 61-62.)  Finally, the Complaint alleges that

"Defendants" gave perjured testimony in an attempt to have Plaintiff convicted.  (Compl. ¶ 63.)

Defendants Baydoun and Harajli are not mentioned by name or by implication in the allegations

regarding the specific incident that appears to be the basis for the claims in the instant case, i.e. the

alleged trespass and arrest at Plaintiff's home, nor in the allegations regarding the subsequent

arraignment and trial.  The sole allegation relating to this incident that mentions either one of the

defaulting Defendants, and it mentions only Harajli, is paragraph 46 of the Complaint in which

Plaintiff alleges that while on Plaintiff's property, Walker used his cell phone to call "one of the

other Defendants, currently believed to be Hall, Harajli or Saab."

    An allegation will be deemed "not well-pleaded" only in limited circumstances, such as "an

9

allegation made indefinite or erroneous by other allegations in the same complaint is not a well-pleaded allegation.  Other examples … are allegations which are contrary to facts of which the court will take judicial notice, or which are not susceptible of proof by legitimate evidence, or which are contrary to uncontroverted material in the file of the case." Wright & Miller, Federal Practice and Procedure, § 2688 (quoting *Trans World Airlines, Inc. v. Hughes*, D.C.N.Y.1969, 308 F. Supp. 679, 683, modified on other grounds, 449 F.2d 51 (2d Cir. 1971), reversed on other grounds, 409 U.S. 363 (1973)).  "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Wright & Miller, Federal Practice and Procedure, § 2688.

As an initial matter, the Court notes that this default is complicated by the fact that the defaulting Defendants' only remaining alleged co-conspirator, Saab, has been voluntarily dismissed by Plaintiff with prejudice.  Plaintiff's dismissal of Defendant Saab with prejudice operates as a complete adjudication on the merits of the claims against him, *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001), and operates as a rejection of the Plaintiff's claims against him, *Michigan Surgery Investment, LLC v. Arman,* 627 F.3d 572, 575 (6th Cir. 2010).

Plaintiff's claim under 42 U.S.C. § 1983 alleges that the private individual Defendants Harajli and Baydoun acted jointly with the state actor, Officer Saab, to deprive Plaintiff of his constitutionally protected rights. These allegations arguably state a valid cause of action: "'Private persons, jointly engaged with state officials in [a] prohibited action, are acting under color of law for purposes of [§ 1983]. To act under color of state law does not require that the accused be an officer of the State.  It is enough that he is a willful participant in joint activity with the State or its agents.'" *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S.

10

144, 152 (1970)).  But the Court need not decide whether Harajli and Baydoun were "jointly engaged" with Saab, or whether the Complaint contains sufficient well-pleaded allegations to sustain a § 1983 claim against Harajli and Baydoun, because this claim has been dismissed against Saab with prejudice, and operates as an adjudication of the claim in his favor.  Thus, with no state actor with whom to "jointly engage," private Defendants Baydoun and Harajli cannot be held liable under 42 U.S.C. § 1983 and Plaintiff is not entitled to a judgment against them on this claim.  *See Revis v. Meldrum*, 489 F.3d 273, 292 (6th Cir. 2007) (holding that a private party defendant accused of conspiring with a public official cannot be held liable on that charge if the public official is found not to have acted according to a plan to deprive an individual of constitutionally protected rights, noting that "Revis's allegations here of a shared conspiratorial objective between Eaton and the private-party defendants to deprive Revis of his constitutional rights necessarily fails based on our earlier determination that Eaton did not so conspire"); *Martin v. Coughlin*, 895 F. Supp. 39, 43 (N.D.N.Y. 1995) (refusing to enter a default judgment against a private plaintiff in a § 1983 action who was alleged to have conspired with a prison official to deprive plaintiff of constitutionally protected rights, holding that "[s]ince the defendants are jointly liable in the instant action, the *Frow* analysis governs").

In his Supplemental Brief filed in response to this Court's May 15, 2012 Order, Plaintiff fails to address this issue and states, without citation to any legal authority, that "defaulting defendants may still be liable on such a theory, even if the conduct of the state actor proper was later found to be lawful." (ECF No. 96, Supplemental Brief 5.)  Because in Plaintiff's 42 U.S.C. § 1983 claim, Harajli and Baydoun are alleged to have acted pursuant to a plan with Saab to falsely accuse Plaintiff and bring about his arrest and prosecution, and because Saab has obtained an adjudication in his

11

favor on the merits of the claims against him by virtue of his dismissal with prejudice, the Court declines to enter a default judgment against Saab's alleged co-conspirators on Plaintiff's § 1983 claim (Count I). Contrary to Plaintiff's assertion in his Supplemental Brief, the Court does not base this conclusion on the fact that Plaintiff settled the case with Saab. The Court's conclusion is compelled by Plaintiff's decision to file with the Court a formal dismissal of Defendant Saab *with* prejudice, which operates as an adjudication on the merits in Saab's favor and precludes Plaintiff from pursuing his § 1983 claim against Harajli and Baydoun.

A court addressed a similar scenario in *Harrison v. Edison Brothers Apparel Stores, Inc.*, 924 F.2d 530 (4th Cir. 1991), where the court held that plaintiff's dismissal with prejudice of her supervisor in a wrongful discharge case exonerated the employer, who could be found liable to plaintiff only vicariously for the acts of its exonerated employee. *Id*. at 534. Noting that plaintiff "made an inadvertent but grave mistake by dismissing [her supervisor] with prejudice," the court nonetheless upheld the district court's dismissal of the employer noting that "the court has no appealing choice when a party seeks to unscramble the egg it has made for itself." *Id*. Similarly here, Plaintiff has no § 1983 claim against Harajli and Baydoun where Saab, the only state actor, has been exonerated of wrongdoing through Plaintiff's dismissal with prejudice. Plaintiff may have desired to preserve his section 1983 claim against Harajli and Baydoun, but his stipulated dismissal of Saab with prejudice operates to defeat any such claim against the remaining private Defendants. *See Revis, supra*, 489 F.3d at 292 ("Revis is precluded from establishing a set of facts under which the private-party defendants conspired with Eaton because we have determined as a matter of law that Eaton did not act according to any plan or conspiracy to deprive Revis of his constitutional rights."). As a matter of law, through his stipulated dismissal with prejudice, Saab has been

adjudicated not to have acted to deprive Plaintiff of his constitutional rights. The Court therefore dismisses Count I of the Complaint with prejudice because Plaintiff's 42 U.S.C. § 1983 claim is "devoid of merit [and] no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (holding that a district court may at any time *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) when the allegations are devoid of merit or no longer open to discussion).

"Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. If the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2012). Plaintiff's Complaint alleged jurisdiction in this Court based upon his claim under 42 U.S.C. § 1983. (ECF No. 1, Compl. ¶ 13.) Having properly dismissed the federal claim on which Plaintiff predicated jurisdiction in this Court, the Court declines to exercise supplemental jurisdiction over the remaining state law claims of Plaintiff's Complaint.[1] Accordingly, Plaintiff's Complaint is Dismissed in its entirety.

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated: 11-26-12

---

[1] The Court also GRANTS Plaintiff's Motion to Strike the July 18, 2012 filing by attorney Cyril Hall. (ECF No. 100.) Cyril Hall was an original Defendant in the case but was voluntarily dismissed by Plaintiff with prejudice on March 3, 2010. (ECF No. 59, Stipulation Dismissing Defendant Cyril Hall.) Mr. Hall has never filed an appearance in this case on behalf of Harajli and Baydoun and may not now file a "brief" on behalf of Defendants who are currently in default. Neither Defendant has ever made an effort to appear before this Court or moved to have this Court set aside the clerk's entries of default. The Court therefore STRIKES the brief filed on their behalf. The Court DENIES Plaintiff's request for sanctions.